## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARLOYN JOHNSON | * | CIVIL ACTION |
| VERSUS | * | NO.:_____ |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, LARRY HOLLIER, THOMAS SKINNER, AND DR. JEFFERY SCHUMACHER | * * * | JUDGE: MAGISTRATE: Civil Rights: 42 U.S.C. §2000e, et seq. |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## **COMPLAINT**

The complaint of Carolyn Johnson, ("Plaintiff) a person of the full age of majority who is domiciled in the Eastern District of Louisiana, with respect avers the following violation of her federally protected right under Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. §2000e, et. seq. against the defendants, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Larry Hollier, Thomas Skinner and Dr. Jeffery Schumacher (sometimes collectively referred to as "Defendants"). Plaintiff assert claims for sexual harassment, Race and retaliation in the following respect to-wit:

## NATURE OF ACTION

1. Plaintiff bring this action to remedy Defendants' discriminatory conduct and sexual harassment against African-American female and their failure to take remedial action after the allegation of Sexual Harassment has been substantiated. Plaintiff also seek redress for Defendants' purposeful and blatant retaliation against her for filing a complaint against a Caucasian male physician for his discriminatory and illegal conduct.

## JURISDICTION AND VENUE

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. §2000e, et seq. as hereinafter more fully appears. This court has jurisdiction over the action under 42 U.S.C. §2000e-5(f) and 28 U.S.C. §§ 1331, 1343 and 28 U.S.C. §1345. The supplemental jurisdiction of this court is invoked for claims arising under the laws of the State of Louisiana, pursuant to 28 U.S.C. § 1367.

## DEFENDANTS

3. **Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College** ("LSU") - is a constitutionally-created body charged with overseeing and managing the "LSU" institutions across the state, with the legal capacity

to sue and to be sued. Among the campuses LSU manages are its campus in Baton Rouge ("LSU (Baton Rouge)") as well as the LSU Health Sciences Center in New Orleans ("LSU (New Orleans)"), where LSU's schools of medicine, dentistry, nursing, public health, graduate studies, and allied health professions are located. Internally, LSU (New Orleans) is often referred to as LSUHSC-NO, LSUHSC, or the HSC, as shown in the exhibits attached to this Complaint.

4. **Defendant Thomas Skinner** - is a person of the full age of majority who is, upon information and belief, domiciled in East Baton Rouge Parish, Louisiana. Defendant Skinner is Vice President of Legal Affairs and General Counsel at LSU (Baton Rouge). His job responsibilities include providing proactive professional advice on critical strategic, legal, and public policy issues. He is part of the senior management team and interacts closely with LSU's senior officers and other officials, including with Defendant Hollier. Skinner is also charged with providing advice and support to LSU, its President, the administrative staff and the faculty on business, legal, and public policy issues. Skinner bears ultimate responsibility for the identification and management of legal risks across LSU.

5. **Larry Hollier** - is a person of the full age of majority domiciled in

Orleans Parish, Louisiana.  He is Chancellor of LSU (New Orleans).  At all times relevant hereto, Hollier's job duties and responsibilities included directly supervising Schumacher under established rules of conduct on the LSUcampus, where Plaintiff was employed.

6. **Dr. Jeffery Schumacher**, the offender, a person of the full age of majority domiciled in the Parish of Orleans or Jefferson.  He's a Doctor of Veterinarian Medicine at LSU Health Science Center-New Orleans.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On February 4, 2019, Plaintiff filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and have received a Right to Sue Notices.  All conditions precedent to the institution of this lawsuit have been fulfilled.  (Exhibit 1)

## FACTUAL ALLEGATIONS

8. The plaintiff began working for LSU Health Science Center - New Orleans (hereinafter "LSU-NO") on March 29, 2007. She was employed as an Administrative Coordinator 4, under the supervision of Dr. Jeffery Schumacher and Tamara Carter.

9. On August 10, 2018, the defendant Schmuacher walked out of his office and up behind plaintiff and slapped her behind.  Plaintiff was completely disturbed by the sexual contact and unlawful touching of her

behind by the defendant. Plaintiff's co-workers, Bridgett Fisher[1], Ernesta Shelton[2], and Duc Nguyen[3] were present at the time of this unlawful sexual contact.

10. On August 16, 2018, plaintiff met with Jason Johnson, Senior Employment Relations Consultant in Human Resources Management (HRM). Plaintiff complained of the sexual harassment and the unlawful touching of her behind by the defendant Schumachner.

11. HRM recommended LSU-NO Campus Assistance Program (CAP) due to the overwhelmingly distraught nature of plaintiff. Plaintiff was obviously mentally and emotionally troubled by the violative act of defendant Schumachner. (Exhibit 2 - LSU Position Statement, pg. 5 - ¶Accommodations ).

12. As a result of plaintiff complaint against defendant Schumacher, an internal investigation ensued.

13. On August 17, 2019, notwithstanding the sexual harassment complaint, defendants maintained her work area in close proximity to defendant Schumacher, which caused extreme anxiety despite her expressed fear

---

[1] Administrator Coordinator whose desk was across from plaintiff.

[2] Lab Tech standing at Bridgett's desk

[3] IT Analyst that was sitting at plaintiff's desk fixing her printer.

of him. The plaintiff was forced to remain around the defendant Schumacher for an extended period of time, despite her complaints of contact with Schumacher in the hall, garage and work area. The plaintiff sought medical attention due to her mental and emotional state of mind. (Exhibit 3, in globo - Medical-Dr. Chava and Desselle).

14. Plaintiff complaints regarding the defendant Schumacher be kept at a distance from her were ignored. On September 14, 2018 she contacted the New Orleans Police Department to file a criminal report against defendant Schumacher, for sexual battery under item number I-16986-18 to force the defendants to remove him or her. (Exhibit 4- NOPD incident report)

15. On September 18, 2018, plaintiff was advised that LSU investigation revealed that the sexual harassment allegation was substantiated. Defendant Schumacher was found to have violated CM-49 and LSU Code of Conduct. (See Exhibit 3, pg. 3 - ¶ Allegation of Sexual Harassment and Exhibit 5 -Jason Johnson to Plaintiff ).

16. On September 26, 2018, plaintiff requested to be moved from LSU-Campus Division of Animal Care to their Dental School location. (Exhibit 6 - Plaintiff's request).

17. The defendants accommodated the plaintiff and moved her in a storage

area where there was dark taint on the windows to prevent you from seeing out or someone from see into the room. The area was infested with insects, such as flies and nats, at which point, plaintiff was unable to consistently cope with the mental stress and emotion of the defendant near her and now being placed in an infested area.

18. To date, plaintiff remains out on leave due to her mental and emotional state of mind.

19. On April 26, 2019, the defendants requested an evaluation of Plaintiff's condition, in which her physician reply to her unstable health conditions resulting from the sexual harassment, retaliation and discriminatory treatment.

20. On May22, 2019, the defendants terminated her employment while under doctor's care for non-disciplinary reasons.

21. The defendants collectively ignored and fostered discriminatory conduct within the LSU system, under both practical and legal aspects the law.

22. The defendants were aware of the disparate treatment cultivating and practiced on the campus and failed under their respective responsibilities to take or advise appropriate remedial action.

23. Plaintiff further shows that defendant Schumacher has been under

strict scrutiny in the pass with a student work who was also an African American female. (See Exhibit 2 - LSU Position Statement, pg. 5 - ¶Previous Incudent).

24. Defendant Schumacher was accused of using inappropriate racial comments to her. These allegations were also substantiated and found to have violated LSU Code of Conduct.

25. Plaintiff shows that defendant Schumacher conduct and actions towards African American females is not an isolated incident but a pattern of racial targeting and disparate treatment.

26. The defendant has allowed defendant Schumacker to act at will with remedial consequences that would permanently defray any further racial and sexual misconduct.

## FIRST CAUSE OF ACTION
**(Sexual Harassment and Gender Base Discrimination –Title VII Claims against LSU)**

27. Plaintiffs incorporate by reference each and every allegation in the preceding paragraphs, 1-26 as though fully set forth herein.

28. As shown by the allegations above, LSU has in place permissible discriminatory conduct against African American females in violation of Title VII. This is supported by the act that (a) Caucasian female not harassed nor targeted with disparate treatment and are allowed to take

extended medical leave without being under threat of termination and, (b) terminating her employment while under doctor's care for an act caused by the defendant Schumacher.

29. As a direct and proximate cause thereof, Plaintiffs have suffered damages and therefore request that they be awarded all available relief including, but not limited to, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorney's fees, expenses, costs, and all other and further relief as to this Court appears necessary and proper.

## SECOND CAUSE OF ACTION
### (Retaliation –Title VII Claims against LSU)

30. Plaintiffs incorporate by reference each and every allegation in the preceding paragraphs, 1-26 as though fully set forth herein.

31. Plaintiff has been retaliated against in response to her participation in proceedings under Title VII as well as to her opposition of Defendants' practices, which violate Title VII.

32. LSU engaged in conduct materially adverse to Plaintiffs and took action adverse action against her as heretofore alleged.

33. As a direct and proximate cause thereof, Plaintiff has suffered damages

and therefore request that she be awarded all available relief including, but not limited to, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorney's fees, expenses, costs, and all other and further relief as to this Court appears necessary and proper.

## JURY DEMAND

34. Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and relative statutory provision of Title VII of the Civil Rights Act of 1964, as amended.

## PRAYER FOR RELIEF

WHEREFORE, having set forth their Complaint, Plaintiffs request that they be awarded all available relief under Title VII , including but not limited to the following:

1. Award compensatory damages to the plaintiff as would fully compensate her for pain and suffering caused by the violative conduct against here as alleged in the complaint;

2. Reinstatement for Plaintiffs to their former positions or front pay in lieu thereof;

3. Lost wages, including back pay, front pay, and lost fringe benefits, which resulted from the unlawful discrimination and retaliation complained of herein;

4. Award punitive damages to the plaintiff as would fully sanction the

defendant to deter future violative acts of discrimination.

5. Award judicial interest from date of demand on the aggregate damage amounts.

6. Award attorney fees pursuant to 42 U.S.C. § 2000e-5(k), court cost and all equitable deemed appropriate by this court;

7. Pre-judgment and post-judgment interest; and,

8. Any other legal and equitable relief that this Court deems just and proper.

    Respectfully submitted,
    **Law Office of Willard J. Brown, Sr.**

    /s/Willard J. Brown, Sr.
    Willard J. Brown, Sr., #23405
    1615 Poydras St., Ste. 900
    New Orleans, LA 70112
    Dir.:(504)638-2274
    Office:(504)648-6772
    Fax:(504)218-5380
    Brownsrw@yahoo.com

## **CERTIFICATE**

I hereby certify that on this 25th day of September, 2019, I electronically filed the foregoing Complaint, with the Clerk of Court, by using the CM/ECF system which will send a notice of electronic filing to the following: Carolyn Johnson.  I further certify that I mailed the foregoing document and notice of electronic filings by first class mail to the following non-CM/ECF participant: Carolyn Johnson

<u>/s/ Willard J. Brown, Sr.</u>
Willard J. Brown, Sr.