UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROLYN JOHNSON | CIVIL ACTION |
| VERSUS | NO. 19-12823 |
| BOARD OF SUPERVISORS LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, ET AL. | SECTION "A" (4) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 15)** filed by the Defendants pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6). The Plaintiff Carolyn Johnson opposes the motion, (Rec. Doc. 25), and the Defendants replied. (Rec. Doc. 22). The motion, set for submission on March 4, 2020, is before the Court on the briefs without oral argument.

### I.     Background

Beginning on March 29, 2007, the Plaintiff Carolyn Johnson worked as an Administrative Coordinator at the LSU Health Science Center – New Orleans ("LSU-NO") under the supervision of her alleged harasser, Defendant Dr. Jeffery Schumacher. (Rec. Doc. 1, p. 4, Johnson's Complaint). Johnson is an African American female, while the Defendant Schumacher is a Caucasian male physician. *Id*. at 2. In her Complaint, Johnson alleges that, on August 10, 2018, the Defendant Schumacher "walked out of his office and [came] up behind [the P]laintiff and slapped her behind." *Id*. "[The] Plaintiff was completely disturbed by th[is] sexual contact and unlawful touching of her behind by the [D]efendant." *Id*. at 4-5.

On August 16, 2018, Johnson "complained of the sexual harassment" to the Senior Employment Relations Consultant in Human Resources Management ("HRM"). *Id*. at 5. As a result of this complaint, HRM initiated an investigation and referred Johnson to the Campus

Assistance Program because of her troubled mental state. *Id*. The Defendants did not change Johnson's work location until September 18, 2018, when they informed her that her "sexual harassment allegation was substantiated." *Id*. The Defendants then agreed to move her to various offices within the LSU-Campus Division of Animal Care. *Id*. They even relocated Johnson to the LSU Dental School campus. *Id*. However, despite these various accommodations, Johnson went out on medical leave "due to her mental and emotional state of mind." *Id*. at 7. Subsequently, on May 22, 2019, the Defendants "terminated her employment while under doctor's care for non-disciplinary reasons." *Id*.

On September 25, 2019, Johnson filed her Complaint in the Eastern District of Louisiana. She alleged the following claims under Title VII against the Defendants: sexual harassment, racial harassment, and retaliation. *Id*. at 8-10. The Defendants responded by filing a Motion to Dismiss pursuant to FRCP 12(b)(6). (Rec. Doc. 15).

II.     **Legal Standard**

FRCP 12(b)(6) permits a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id*. at 667 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Twombly*, 550 U.S. at 555). Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id*. A complaint states a "plausible claim

for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id*.; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986). Lastly, the Court "will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts[.]" *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999.

### III.    Discussion

#### A.  Johnson's Sexual Harassment Claims Under Title VII

To demonstrate a claim of sexual harassment against a supervisor under Title VII, a plaintiff must prove: "(1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; and (4) that the harassment affected a 'term, condition, or privilege' of employment." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 330 (5th Cir. 2009) (quoting *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 163 (5th Cir. 2007)).

The Defendants in this case contend that Johnson's sexual harassment claims should be dismissed because Johnson's allegations "fail to rise to the level of 'affecting a term, condition, or privilege' of her employment." (Rec. Doc. 15-1, p. 6, The Defendants' Memorandum in Support) (internal quotations omitted). In order to affect a job's terms and conditions, the harassment must be "sufficiently severe or pervasive . . . and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 (2002) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). The Fifth Circuit has held that, in determining whether an environment is hostile or abusive, a court must look at the totality of the circumstances, including the frequency of the discriminatory conduct, its

severity, whether it is physically threatening or humiliating, or a mere offensive utterance, whether it unreasonably interferes with an employee's work performance, and whether the complained of conduct undermined the plaintiff's workplace competence. *Lauderdale v. Texas Dept. of Criminal Justice, Institutional Div.*, 512 F.3d 157, 163 (5th Cir. 2007) (internal quotations and quotation marks omitted). As the Fifth Circuit has explained, "the test – whether the harassment is severe or pervasive – is stated in the disjunctive." *Lauderdale*, 512 F.3d at 163 (citing *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 434, 35 (5th Cir. 2005)). An egregious, yet isolated, incident can alter the terms, conditions, or privileges of employment and satisfy the fourth element necessary to constitute a hostile work environment." *Id*. The Fifth Circuit has also noted that the environment must be deemed both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998) (citing *Harris*, 510 U.S. at 21-22).

In this case, Johnson alleges only one isolated incident of sexual harassment. Thus, while this alleged conduct is not pervasive, it still may be considered severe. Further, although case precedent reveals that isolated incidents may form the basis for a sexual harassment claim, *Paul v. Northrop Grumman Ship Sys.*, 309 F. App'x 825, 829 (5th Cir. 2009), the alleged conduct must be particularly egregious. *See Gibson v. Potter*, 264 Fed.Appx. 397, 398 (5th Cir. 2008) (holding that the conduct of the supervisor who "grabbed [the plaintiff] on the buttocks and made suggestive comments" while she was conversing with another employee was not "sufficiently severe or pervasive to alter a term or condition of [plaintiff's] employment"); *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 328 (5th Cir. 2004) (holding that sexually suggestive comments, slapping the plaintiff on the behind with a

newspaper, grabbing or brushing up against the plaintiff's breasts and behind, and attempting to kiss the plaintiff did not qualify as severe); *Derouen v. Carquest Auto Parts, Inc.*, No. 01–30369, 2001 WL 1223628, at *1 (5th Cir. Sept. 24, 2001) (holding that the plaintiff's allegations that her co-worker attempted to grab her breast and later touched and rubbed her thigh, that customers made sexually threatening remarks, and that supervisors did not respond to her complaints about these incidents, did not support a hostile work environment claim).

Here, the Court finds that the Defendants' conduct, as currently alleged, is not severe enough to sustain a Title VII sexual harassment claim. Thus, the Court grants the Defendants' Motion to Dismiss Johnson's sexual harassment claim. However, the Court will provide Johnson with an opportunity to amend her Complaint.

### B. Johnson's Racial Discrimination Claim

Similar to a claim of sexual harassment, a plaintiff claiming race discrimination must prove that: (1) she belonged to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; and (4) the harassment complained of affected a term, condition, or privilege of employment. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir. 2001); *Jones v. Flagship Int'l*, 793 F.2d 714, 720-21 (5th Cir. 1986).

In support of her racial discrimination claim, Johnson argued that, "[t]he complaint affirmatively states that the [D]efendant Schumacher, had undergone two investigation[s] regarding African American females and both were sustained regarding his violative acts, that is, racial comments to one and his sexual harassment to the complainant." (Rec. Doc. 19, p. 13, Johnson's Opposition). Johnson continued by saying that, "[i]t is obvious that the [P]laintiff belongs to a protected group, African American; she was subjected to unwelcome

harassment because of her race, as shown by [the D]efendant Schumacher's brief history towards African American females in comparison to his treatment of Caucasian females where there are no complaints as lodged herein[.]" *Id*.

Here, the Court finds that this isolated "slap on the behind" lacks any apparent racial motivation. Even if the Defendant Schumacher has had a past of only sexually assaulting African American females, this type of alleged conduct is purely sexual in nature. Thus, the Court grants the Defendants' Motion to Dismiss Johnson's racial discrimination claim. However, as mentioned above, the Court will provide Johnson with an opportunity to amend her Complaint.

### C.  Johnson's Retaliation Claim

In order to state a retaliation claim, a plaintiff must allege "(1) that [she] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002).

Further, for retaliation claims, the Fifth Circuit has held that adverse employment actions consist of "ultimate employment decisions" such as hiring, firing, demoting, promoting, granting leave, and compensating. *See McCoy v. City of Shreveport*, 492 F.3d 551, 560 (5th Cir. 2007); *Alvarado v. Tex. Rangers*, 492 F.3d 605, 612 (5th Cir. 2007); *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). "[A]n employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action." *Pegram*, 361 F.3d at 282 (quoting *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir.2003)).

In their Motion to Dismiss, the Defendants argued that, "[a]lthough [the] Plaintiff engaged in Title VII activity by complaining about Dr. Schumacher's conduct, . . . the documents appended to [the] Plaintiff's Complaint establish that LSU accommodated [the] Plaintiff's every request following her termination." (Rec. Doc. 15-1, p. 15, The Defendants' Memorandum in Support). For instance, the Defendants note that they moved Johnson between various offices because she complained that each office was either "too small" or "infested with bugs." *Id*. Further, "[o]nce the investigation concluded, LSU [even] offered to return the Plaintiff to her original work area and move Dr. Schumacher to a different office." *Id*. at 15-16.

Here, the Court concludes that it is plausible that the Defendants retaliated against Johnson as a result of her engaging in activity protected under Title VII. There is no dispute that her complaint to management constituted protected activity and that her termination nine months later is an adverse employment action. Accordingly, the Court finds it at least plausible that there is a causal link between Johnson's complaint and her termination. Thus, the Court denies the Defendants' Motion to Dismiss Johnson's retaliation claim.

   **D.  Johnson's Claims Against the Individual Defendants**

The Defendants argue that, "[t]he claims against [the] individual [D]efendants Hollier, Skinner, and Dr. Schumacher should be dismissed because (1) [the] Plaintiff has failed to allege any facts against Hollier and Skinner whatsoever and (2) Title VII does not provide liability for individual employees who do not otherwise qualify as employers." (Rec. Doc. 15-1, p. 9, The Defendants' Memorandum in Support).

Here, the Court agrees. "[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Houston Sys.*, 355 F.3d

333, 340 n. 8 (5th Cir. 2003) (citing 42 U.S.C. § 2000e(b)'s definition of employer). Accordingly, individual employees cannot be held liable under Title VII in either their individual or official capacities. *See id*.; *Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012). Thus, the Court grants the Defendants' Motion to Dismiss Johnson's claims against the individual Defendants Hollier, Skinner, and Dr. Schumacher.

### E.  Johnson's Leave to Amend Her Complaint

The Court can grant a plaintiff's leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts have discretion to grant leave to amend, and the federal rules favor granting leave over denying it. *See Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). Justifications for denying leave to amend include "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party, and the futility of the amendment." *Id*. Allowing a plaintiff to amend a complaint is "futile" when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000).

Here, there is no indication that allowing Johnson to amend her Complaint would be futile. Further, given the early stage of this litigation, granting leave to amend will not result in any undue prejudice to Defendants. Therefore, the Court grants Johnson's leave to amend her Complaint.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 15)** filed by the Defendants pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) is **GRANTED IN PART AND DENIED IN PART**. The Court grants the Defendants' Motion to Dismiss insofar as the Court

dismisses all of Johnson's claims of sexual harassment and racial discrimination. Further, the Court dismisses Johnson's claims against the individual Defendants Hollier, Skinner, and Dr. Schumacher. However, the Court denies the Defendants' Motion to Dismiss Johnson's retaliation claims.

**IT IS FURTHER ORDERED** that Johnson shall move to amend her Complaint as to her Title VII sexual harassment and racial discrimination claims within twenty-one days from the entry of this Order.

April 16, 2020

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE